UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE I. EMERSON, | ) | CASE NO. 1:13-mc-52 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| ALAN J. TREINISH, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on petitioner's motion for withdrawal of the reference. (Doc. No. 1.) Respondent does not oppose. (Doc. Nos. 2, 3.) The Court stayed this case pending the decision of the United States Supreme Court in *Exec. Benefits Ins. Agency v. Arkison*, -- S. Ct. --, 2014 WL 2560461 (June 9, 2014), which has now been handed down. Accordingly, the Court lifts the stay and shall now consider petitioner's motion

A. Background

As trustee of debtor Edward Emerson's ("Edward") bankruptcy estate, Alan Treinish ("Treinish" or "respondent") filed an adversary proceeding against Edward's wife, petitioner Suzanne Emerson ("Suzanne" or "petitioner"). Treinish contends that Edward made a series of wire transfers into Suzanne's bank accounts while insolvent or that rendered him insolvent and did not receive a reasonably equivalent value in exchange. *Treinish v. Emerson (In re Emerson)*, Ch. 7 Case No. 11-13958-pmc, Adv. No. 13-01040-pmc, slip op. at 5 (Bankr. N.D.

1

Ohio Feb. 15, 2013). According to Treinish, these transfers constitute fraudulent conveyances under 11 U.S.C. § 544 and Ohio law. *Id*.

Suzanne seeks to withdraw the reference of this adversary proceeding, contending that the bankruptcy court lacks constitutional authority to decide the case, or in the alternative, that the Court should withdraw the reference for "cause" and adjudicate the adversary proceeding as a civil case. The Court shall address each argument in turn.

**B.  Bankruptcy Court Jurisdiction under *Stern v. Marshall***

In the first of two arguments, Suzanne contends that the bankruptcy court lacks jurisdiction to decide Treinish's fraudulent conveyance claim. Before deciding the constitutional issue, the Court must summarize the statutory scheme of bankruptcy jurisdiction.

Title 28 U.S.C. § 157(a) allows district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court judges in that district. The statute provides two subcategories of referable proceedings: core proceedings and non-core proceedings. The statute lists a number of core proceedings, which include "proceedings to determine, avoid, or recover fraudulent conveyances[,]" the claim at issue in this case. 28 U.S.C. § 157(b)(2)(H). Proceedings that are not core proceedings but are otherwise related to a case under title 11 are known as non-core proceedings. 28 U.S.C. § 157(c)(1). As to core proceedings, bankruptcy judges may "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments[.]" 28 U.S.C. § 157(b)(1). As to non-core proceedings, under § 157(c)(1), a bankruptcy judge may submit proposed findings of fact and conclusions of law to the district court, which then conducts a *de novo* review.

Section 157 also contemplates the possibility of a jury trial in proceedings related

to title 11. If a party has a right to a jury trial, a bankruptcy court may conduct a jury trial "with the express consent of all the parties." 28 U.S.C. § 157(e). In fraudulent conveyance claims, "the Seventh Amendment guarantees [a party] a jury trial upon request." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 49, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989).

In *Stern v. Marshall*, -- U.S. --, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), the United States Supreme Court upended the system set forth in § 157. As in this case, the claim at issue in *Stern* was a statutory core proceeding, specifically, a "counterclaim[] by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C). In *Stern*, a bankruptcy estate filed a state law counterclaim for tortious interference with an inter vivos gift against a party who had filed a proof of claim against the bankruptcy estate. The counterclaim "in no way derived from or [was] dependent upon bankruptcy law; it [was] a state tort action that exist[ed] without regard to any bankruptcy proceeding." 131 S. Ct. at 2618. Nor would the state law counterclaim "necessarily be resolved in the claims allowance process" in the bankruptcy case. *Id*. In fact, if the bankruptcy court were to decide the state law counterclaim, it would be exercising the "judicial [p]ower of the United States" over a common law cause of action, a power reserved to Article III judges alone. *See* U.S. Const. art. III, § 1. In short, non-Article III bankruptcy judges lack "constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Stern*, 131 S. Ct. at 2620.

Courts badly splintered in their application of *Stern* and treatment of *Stern* claims, *i.e.*, statutory core proceedings that do not stem from the bankruptcy itself or would not necessarily be resolved in the claims allowance process. Many courts held that the bankruptcy courts could treat *Stern* core proceedings as non-core proceedings and propose findings of fact

3

and conclusions of law under 28 U.S.C. § 157(c)(1). Problematically, the plain language of § 157(c)(1) applies only to non-core proceedings and seemingly does not permit such a remedy. *See Waldman v. Stone*, 698 F.2d 910, 921 (6th Cir. 2012).

To clarify the proper adjudication of *Stern* claims, the Supreme Court granted a writ of certiorari in *Executive Benefits*, a case with markedly similar facts to the instant dispute. As in this case, the bankruptcy trustee initiated an adversary proceeding in bankruptcy court, alleging fraudulent transfers under 11 U.S.C. § 544 against noncreditor Executive Benefits Insurance Agency (EBIA). *Executive Benefits*, 2014 WL 2560461, at *3. The bankruptcy court entered summary judgment against EBIA, and the district court affirmed on *de novo* review. *Id*. The United States Court of Appeals for the Ninth Circuit, following *Stern*, held that the bankruptcy court did not have jurisdiction "to enter final judgment on a fraudulent conveyance claim against a noncreditor unless the parties consent." *Id*. at *4. Yet, it affirmed the entry of judgment against EBIA. EBIA had consented to the jurisdiction of the bankruptcy court; moreover, it received *de novo* review by the district court, which rectified any initial jurisdictional defect. *Id*.

The Supreme Court affirmed, holding that § 157(c) "permits *Stern* claims to proceed as non-core[.]" *Id*. at *7. When a court identifies a claim as a *Stern* claim, the statutory provisions governing core proceedings under § 157(b) cannot apply because the bankruptcy court lacks constitutional authority to enter final judgment. If the *Stern* claim cannot be classified as a core proceeding under § 157(b), it can instead be adjudicated under § 157(c)(1) as a "proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28

U.S.C. § 157(c)(1).[1] If the fraudulent conveyance claims in *Executive Benefits* could not constitutionally be core proceedings but were still related to a title 11 case, they fulfilled the statutory definition of non-core proceedings under § 157(c)(1). Accordingly, "the Bankruptcy Court would have been permitted to follow the procedures required by [§ 157(c)(1)], *i.e.*, to submit proposed findings of fact and conclusions of law to the District Court to be reviewed *de novo*." 2014 WL 2560461, at *8. Though the bankruptcy court in *Executive Benefits* unconstitutionally purported to enter *final* judgment on the fraudulent conveyance claims, the district court cured the jurisdictional infirmity by conducting a *de novo* review in accordance with § 157(c)(1).

As in *Executive Benefits*, this case involves fraudulent conveyance claims against a noncreditor who has not consented to bankruptcy court jurisdiction. The Supreme Court "assume[d] without deciding, that the fraudulent conveyance claims in [*Executive Benefits* were] *Stern* claims." *Id*. As Suzanne suggests, this Court finds that the claims herein are *Stern* claims. Under the procedures outlined in *Executive Benefits*, the bankruptcy court here could submit proposed findings of fact and conclusions of law. Thus, while Suzanne may be correct in asserting that the bankruptcy court lacks authority to enter final judgment, neither *Stern* nor *Executive Benefits* deprives the bankruptcy court of authority to handle pre-trial supervision of this case, should the Court deem it appropriate. As set forth in the following section, however, the Court finds that it should withdraw the reference.

---

[1] The Supreme Court relied on a severability provision of the statute governing bankruptcy judges: "'If any provision of this Act or the application thereof to any person or circumstance is held invalid, the remainder of this Act, or the application of that provision to persons or circumstances other than those as to which it is held invalid, is not affected thereby.'" *Exec. Benefits*, 2014 WL 2560461, at *7 (quoting 98 Stat. 344, note following 28 U.S.C. § 151). The Court held that this provision allowed it to treat *Stern* core proceedings as non-core proceedings.

### C.  Permissive Withdrawal Under 28 U.S.C. § 157(d)

In her second argument for withdrawing the reference, Suzanne claims that § 157(d), which provides for permissive withdrawal "for cause shown[,]" necessitates withdrawal of the reference in this case.

While § 157(d) does not define "cause," courts have developed a list of factors to consider in determining whether cause exists: whether the proceeding is core or non-core to the bankruptcy court's jurisdiction; whether it is legal or equitable in nature; the efficient use of judicial resources; prevention of forum shopping; and the effect of the ruling on uniformity in administering bankruptcy law. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *see also In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002); *In re Velocita Corp.*, 169 F. App'x. 712, 716 (3d Cir. 2006). Other factors include conserving debtor and creditor resources and providing for a party's request for a jury trial. *Glenn C. Pollack, Chapter 11 Tr. of Grand Eagle Cos., Inc. v. ASEA Brown Boveri, Inc.*, Case No. 5:03-MC-112, slip op. at 3 (N.D. Ohio Jan. 9, 2004) (citing *Hollan Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). "[W]hether a proceeding is core or non-core is the most important factor in deciding a motion to withdraw reference." *Nat'l Century Fin. Enters., Inc., v. Great Am. Ins. Co.*, No. 2:04-CV-908, 2005 WL 6949755, at *2 (S.D. Ohio July 5, 2005) (citations and quotation marks omitted).

As set forth above, the Supreme Court has treated fraudulent conveyance claims against noncreditors as *Stern* claims. *Executive Benefits*, 2014 WL 2560461, at *8. Accordingly, the procedures of § 157(b)(1) give way to the procedures of § 157(c)(1). Additionally, Suzanne has exercised her right to a jury trial and has not consented to the jurisdiction of the bankruptcy court under § 157(e). (Doc. No. 1 at 7.) Whether through *de novo* review of a bankruptcy court

6

summary judgment ruling or by conducting a jury trial, this adversary proceeding will likely require a final decision from this Court in the future. Classification of this claim as a non-core proceeding, Suzanne's jury trial demand, judicial economy, and preserving the parties' resources thus all point in favor of withdrawing the reference and issuing a final decision in this Court.

### D.  Conclusion

For the reasons set forth above, Suzanne's motion to withdraw the reference is GRANTED and the Court hereby ORDERS that the reference of adversary proceeding 13-01040-pmc be withdrawn from the Bankruptcy Court and transferred to the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure. The Clerk shall terminate the miscellaneous case. The Clerk is further directed to open a civil case and assign a civil case number to this adversary proceeding. Henceforth, all filings and docket entries shall only be made in the civil case.

**IT IS SO ORDERED**.

Dated: June 20, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**